IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TAMMY PHIFER                                                                                        PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:16-cv-00154-SA-DAS

DOLLAR GENERAL CORP.                                                                    DEFENDANT

MEMORANDUM OPINION

The Plaintiff filed this action on August 19, 2016, pursuing claims under Mississippi law and premising federal jurisdiction on the basis of diversity of citizenship. The diversity statute, 28 U.S.C. Section 1332, is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. Diversity, as prescribed by Section 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). Where "jurisdiction depends on citizenship, citizenship must be "*distinctly* and *affirmatively* alleged." *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). The burden of proving diversity jurisdiction "rests upon the party who seeks to invoke the court's diversity jurisdiction." *Id.*

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Harvey*, 542 F.3d at 1079 (citing 28 U.S.C.A. § 1332 (c)). In her Complaint, the Plaintiff alleged that she is a citizen of Lowndes County, Mississippi and that Dollar General Corporation is a Tennessee corporation, doing business in the State of Mississippi. However, Plaintiff failed to allege Dollar General Corporation's principal place of business. Because the

Plaintiff, as the party invoking this Court's jurisdiction, failed to "distinctly and affirmatively" allege the citizenship of the parties in the complaint, this Court issued an order to show cause as to jurisdiction [12]. *Getty Oil*, 841 F.2d at 1259. Though the Plaintiff was given ample time to address the insufficiencies noted in the Order, Plaintiff failed to respond or correct its jurisdictional allegations.

It is well established that federal courts have limited subject matter jurisdiction, and "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996); 13 Charles Alan Wright & Arthur R. Miller, et al, Federal Practice & Procedure § 3522 (3d ed.). A "district court must be certain that the parties are in fact diverse before proceeding to the merits of the case" *Getty Oil*, 841 F.2d at 1258 (citing *B. Inc. v. Miller Brewing*, 663 F.2d 545, 548–49 (5th Cir. 1981); see also FED. R. CIV. P. 12(h)(3). Because the Plaintiff failed to meet their burden of proving diversity, and failed to comply with the Court's order to show cause, Federal Rule of Civil Procedure 12(h)(3) requires dismissal. This case is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

SO ORDERED, this the 4th day of January 2017.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE